**Christopher ALSOP, Plaintiff–Appellant,**

**Street Life Pagers, Plaintiff,**

v.

**The CINCINNATI POST, Defendant–Appellee.**

No. 01–3328.

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2001.

Before BOGGS, GILMAN, and BRIGHT,\* Circuit Judges.

### ORDER

Christopher Alsop, a pro se federal prisoner, appeals a district court judgment dismissing his civil action filed pursuant to 28 U.S.C. § 1332. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Alsop sued *The Cincinnati Post* alleging a defamation action. Alsop objected to a statement in a March 22, 1999, *Post* article which stated,

\* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit,

in part, that "Alsop sold the crack cocaine to informants at his store, Street Life Pagers." Upon de novo review of a magistrate judge's report, the district court granted summary judgment for *The Post.* In his timely appeal, Alsop continues to argue that the statement was defamatory.

The district court's judgment is reviewed de novo. *See Summar ex rel. Summar v. Bennett,* 157 F.3d 1054, 1057 (6th Cir.1998).

To establish a claim of defamation under Ohio law, a plaintiff must show that a false statement of fact was made, that the statement was defamatory, that the statement was published, that the plaintiff suffered injury as a proximate result of the publication, and that the defendant acted with the required degree of fault in publishing the statement. As to the degree of fault, a private-figure plaintiff must prove by clear and convincing evidence that the defendant acted negligently. *Pollack v. Rashid,* 117 Ohio App.3d 361, 690 N.E.2d 903, 908 (Ohio Ct.App.1996).

Furthermore, Ohio Rev.Code § 2317.05 creates a fair report privilege. The Ohio Supreme Court has held that in order to show that a publication falls within the privilege of the statute, the defendant must demonstrate that the publication is a substantially accurate report of the official record. *Oney v. Allen,* 39 Ohio St.3d 103, 529 N.E.2d 471, 473 (Ohio 1988). A publication is substantially accurate if it conveys the essence of the official record to the ordinary reader, without misleading the reader by the inclusion of inaccurate, extra-record information, or the exclusion of relevant information in the record. *Id.*

In its October 21, 1998, press release, the United States Attorney stated that

sitting by designation.

Alsop "ran a drug conspiracy out of his store involving the distribution of crack cocaine." Alsop was later found guilty of that crime. As the district court noted, instead of using the term "distributed," the paper used the term "sold." The verb difference is mere semantics. As the article is substantially accurate and conveys the official record without being misleading, *The Post* is entitled to the fair report privilege of Ohio Rev.Code § 2717.05. Further, the article is not defamatory under Ohio law as it does not make false statements of fact. *See Pollock*, 690 N.E.2d at 908. Thus, *The Post* was entitled to summary judgment as a matter of law.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.